# United States Court of Appeals

*for the*

# Third Circuit

Case No. 25-1806

UNITED STATES OF AMERICA,

*Appellee,*

— v. —

JOSEPH SCHWARTZ,

*Appellant.*

ON APPEAL FROM A JUDGMENT OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY IN CASE NO. 2:22-CR-00013-001,
HON. SUSAN D. WIGENTON, UNITED STATES DISTRICT JUDGE

## REPLY BRIEF FOR APPELLANT

KEVIN H. MARINO
JOHN D. TORTORELLA
EREZ J. DAVY
MARINO, TORTORELLA & BOYLE, P.C.
*Attorney for Appellant*
437 Southern Boulevard
Chatham Township, New Jersey 07928
(973) 824-9300

CP COUNSEL PRESS  (800) 4-APPEAL • (385718)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ ii

PRELIMINARY STATEMENT .............................................................. 1

ARGUMENT ............................................................................................ 3

I.    SCHWARTZ'S SENTENCE WAS PROCEDURALLY AND
SUBSTANTIVELY UNREASONABLE BECAUSE IT
FAILED TO ADDRESS HIS ARGUMENTS FOR A
VARIANCE AND WAS BASED ON SPECULATION AND
UNSUPPORTED INFERENCES. ................................................. 3

    A.  The Court Should Treat Schwartz's Claims Of Procedural Error
As Preserved And Review Them For Abuse Of Discretion. ................... 3

    B.  Schwartz's Sentence Was Procedurally Unreasonable Because
The Court Failed To Consider Counsel's Arguments For A
Variance. ................................................................................. 8

    C.  Schwartz's Sentence Was Procedurally Unreasonable Because
The Court Enhanced It Based On Speculation And Unsupported
Inferences. ............................................................................... 11

    D.  The District Court's Procedural Errors Warrant Reversal. .................... 16

    E.  Schwartz's Sentence Was Substantively Unreasonable Based On
The Reasons The District Court Provided. .............................................. 19

II.   THE COURT COMMITTED PLAIN ERROR BY FAILING
TO FOLLOW THE REQUIREMENTS OF FED. R. CRIM.
P. 11(c)(5). ................................................................................ 20

CONCLUSION ...................................................................................... 25

# TABLE OF AUTHORITIES

**Cases**

*Fisher v. Hollingsworth*,
    115 F.4th 197 (3d Cir. 2024) ...............................................................3

*Holguin-Hernandez v. United States*,
    589 U.S. 169 (2020) ................................................................... passim

*In re United States*,
    32 F.4th 584 (6th Cir. 2022) ........................................................ 22, 24

*Morgan v. United States Dist. Court (In re Morgan)*,
    506 F.3d 705 (9th Cir. 2007) ...............................................................22

*Rita v. United States*,
    551 U.S. 338 (2007) ............................................................................10

*United States ex rel. Welch v. Lane*,
    738 F.2d 863 (7th Cir. 1984) ...............................................................17

*United States v. Aminov*,
    726 F. App'x 906 (3d Cir. 2018) .........................................................17

*United States v. Ausburn*,
    502 F.3d 313 (3d Cir. 2007) ...................................................... 9, 18, 19

*United States v. Bartlett*,
    567 F.3d 901 (7th Cir. 2009) .............................................................5, 6

*United States v. Begin*,
    696 F.3d 405 (3d Cir. 2012) ..................................................................9

*United States v. Blue*,
    877 F.3d 513 (4th Cir. 2017) ...............................................................11

*United States v. Byrd*,
    843 F. App'x 751 (6th Cir. 2021) .......................................................10

*United States v. Colon-Cordero*,
    91 F.4th 41 (1st Cir. 2024) ....................................................................9

*United States v. Cota-Luna*,
    891 F.3d 639 (6th Cir. 2018) ...............................................................22

*United States v. Duronio*,
    No. 06-5116, 2009 U.S. App. LEXIS 2467
    (3d Cir. Feb. 9, 2009) ..........................................................................14

*United States v. Flores-Juarez*,
723 F. App'x 84 (3d Cir. 2018) ................................................................18

*United States v. Flores-Mejia*,
759 F.3d 253 (3d Cir. 2014) ............................................. 1, 3, 5, 7

*United States v. Flores-Nater*,
144 F.4th 56 (1st Cir. 2025) ..................................................................9

*United States v. Grober*,
624 F.3d 592 (3d Cir. 2010) ................................................................18

*United States v. Handerhan*,
739 F.3d 114 (3d Cir. 2014) ..................................................................7

*United States v. Harmon*,
___ F.4th ___, 2025 U.S. App. LEXIS 20655 (3d Cir. Aug. 14, 2025) ....... 15, 25

*United States v. Hogue*,
66 F.4th 756 (8th Cir. 2023) ................................................................13

*United States v. Jackson*,
862 F.3d 365 (3d Cir. 2017) .......................................................... 19, 20

*United States v. Jimenez-Hernandez*,
No. 24-5060, 2024 U.S. App. LEXIS 32910 (10th Cir. Dec. 31, 2024) ....... 23, 24

*United States v. John Doe, Inc. I*,
481 U.S. 102 (1987) ..............................................................................8

*United States v. Kennedy*,
No. 24-10556, 2025 U.S. App. LEXIS 6551 (5th Cir. Mar. 20, 2025) ...............13

*United States v. Levinson*,
543 F.3d 190 (3d Cir. 2008) .......................................................... 19, 20

*United States v. Lewis*,
No. 22-1742, 2024 U.S. App. LEXIS 9912 (2d Cir. Apr. 24, 2024) .................13

*United States v. Martin*,
122 F.4th 286 (7th Cir. 2024) ................................................................7

*United States v. Mees*,
640 F.3d 849 (8th Cir. 2011) ................................................................14

*United States v. Meza*,
319 F. App'x 695 (9th Cir. 2009) ...........................................................22

*United States v. Miller,*
    900 F.3d 509 (7th Cir. 2018)..................................................................17

*United States v. Moro,*
    505 F. App'x 113 (3d Cir. 2012)..........................................................16

*United States v. Nelson,*
    37 F.4th 962 (4th Cir. 2022)..................................................................21

*United States v. Olhovsky,*
    562 F.3d 530 (3d Cir. 2024) ...................................................... 17, 19, 20

*United States v. Orozco-Vasquez,*
    469 F.3d 1101 (7th Cir. 2006)..............................................................15

*United States v. Scott,*
    14 F.4th 190 (3d Cir. 2021)..................................................................21

*United States v. Stevens,*
    70 F.4th 653 (3d Cir. 2023)....................................................................4

*United States v. Traxler,*
    477 F.3d 1243 (10th Cir. 2007)............................................................14

*United States v. Tyler,*
    139 F.4th 598 (7th Cir. 2025)..................................................................9

*United States v. Vanderwerff,*
    788 F.3d 1266 (10th Cir. 2015)............................................................23

*United States v. West,*
    628 F.3d 425 (7th Cir. 2010)................................................................14

*United States v. Wood,*
    31 F.4th 593 (7th Cir. 2022) .......................................................... 2, 6, 8

*US Airways, Inc. v. McCutchen,*
    663 F.3d 671 (3d Cir. 2011) ..................................................................4

**Statutes**

18 U.S.C. § 3553(a) ........................................................................ 9, 17

**Rules and Regulations**

Fed. R. Crim. P. 11(c)(5) .................................................. 2, 20, 21, 22

Fed. R. Crim. P. 51..................................................................... passim

# PRELIMINARY STATEMENT

In his opening brief, Appellant Joseph Schwartz ("Schwartz") demonstrated that the district court's sentence should be reversed as procedurally unreasonable because the court (i) ignored the non-frivolous arguments that Schwartz and the Government advanced to justify the 366-day sentence they jointly recommended; and (ii) imposed a sentence nearly three times as long based on adverse factual findings that had no support in the record. Schwartz further showed that these errors also rendered the court's sentence substantively unreasonable.

The Government's opposition fails to justify or excuse the district court's errors. As an initial matter, the Government argues that under *United States v. Flores-Mejia*, 759 F.3d 253 (3d Cir. 2014), Schwartz did not preserve his procedural challenges to the district court's sentence because he did not object to the district court's errors after they were made. But the rationale for *Flores-Mejia*'s holding—that policy arguments can trump the plain language of Federal Rule of Criminal Procedure 51(b)—has been flatly undermined by the Supreme Court's supervening decision in *Holguin-Hernandez v. United States*, 589 U.S. 169 (2020), which held that the plain text of that rule does not require a party to take exception to a ruling after it is made. The Seventh Circuit has since made clear that although *Holguin-Hernandez* arose in the context of a substantive reasonableness challenge, its logic applies to procedural reasonableness challenges. *See United States v. Wood*, 31

1

F.4th 593, 597-99 (7th Cir. 2022).

Irrespective of the applicable preservation standard, the district court's errors are plain and require reversal. The sentencing transcript shows that the district court ignored the parties' arguments for a variance and based its sentence on adverse findings unsupported by the record. The Government cannot backfill these gaps by asking this Court to assume that the district court considered and rejected the parties' arguments for the year-and-a-day sentence they advocated. That did not occur. Nor can the Government win affirmance by asking this Court to treat the district court's adverse fact-findings as "musings" that did not impact its sentence.

As a separate and independent ground for reversal, Schwartz demonstrated that the district court plainly erred when it rejected his initial plea agreement by text order and failed to explain its reasons for that rejection. The Government agrees that the district court committed plain error when it failed to abide Fed. R. Crim. P. 11(c)(5), but argues that the error was harmless because it did not impact Schwartz's sentence. That argument ignores the district court's reliance on the adverse unsupported findings it made regarding Schwartz's personal finances and business structure—findings he would have addressed in his second plea agreement and at sentencing had the court advised him of its concerns.

For these reasons, amplified below and in Schwartz's opening brief, the district court's sentence should be vacated and the case remanded for resentencing.

<u>**ARGUMENT**</u>

**I.  SCHWARTZ'S SENTENCE WAS PROCEDURALLY AND SUBSTANTIVELY UNREASONABLE BECAUSE IT FAILED TO ADDRESS HIS ARGUMENTS FOR A VARIANCE AND WAS BASED ON SPECULATION AND UNSUPPORTED INFERENCES.**

**A.  The Court Should Treat Schwartz's Claims Of Procedural Error As Preserved And Review Them For Abuse Of Discretion.**

In his opening brief, Schwartz demonstrated that the procedural errors the district court made at sentencing should be treated as preserved and reviewed for abuse of discretion.  More specifically, he argued that the rationale of the Supreme Court's decision in *Holguin-Hernandez*, 589 U.S. 169, undermined the reasoning in *Flores-Mejia*, 759 F.3d 253, which held that procedural errors made by a sentencing court are unpreserved unless explicitly objected to after the fact.  (Appellant's Br. at 16-17.)

The Government provides no valid reason to conclude otherwise.  The Government acknowledges this Court's obligation to revisit prior holdings in light of supervening Supreme Court decisions.  (Appellee's Br. at 16.)  It nonetheless advances a semantic distinction between Supreme Court decisions that "undermine" a prior Circuit Court holding and those that "conflict" with it.  (*Id.* (emphasis removed).)  No such distinction exists.  The law is clear:  This Court must revisit a prior decision when a supervening Supreme Court decision has "undermined" its rationale.  *See Fisher v. Hollingsworth*, 115 F.4th 197, 206 (3d Cir. 2024)

3

(recognizing the abrogation of Circuit precedent by "'more recent Supreme Court precedent that has 'undermined [our Circuit's] rationale'" and revisiting prior Circuit decisions in light of the Supreme Court's "recent teachings" (quoting *United States v. Stevens*, 70 F.4th 653, 659 (3d Cir. 2023); alteration in original)); *see also US Airways, Inc. v. McCutchen*, 663 F.3d 671, 677 (3d Cir. 2011), *rev'd on other grounds*, 569 U.S. 88 (2013) (holding that a district court was obligated to follow a supervening Supreme Court decision when that decision "undermined the reasoning and holdings of [this Court's] prior decisions." (emphasis added)).

It is true, as the Government observes, that the Supreme Court's holding in *Holguin-Hernandez* was limited to a substantive-reasonableness challenge. (Appellee's Br. at 16.) But the ***rationale*** for that holding was rooted in the plain language of Fed. R. Crim. P. 51(b), which provides that a claim is preserved when a party either informs the court "'of [1] the action the party wishes the court to take, or [2] the party's objection to the court's action and the grounds for that objection.'" *Holguin-Hernandez*, 589 U.S. at 170-71 (quoting Fed. R. Crim. Proc. 51(b); alterations in original). More specifically, the Court explained that a defendant who advocates for a sentence shorter than the one imposed informs the sentencing court of the "action" the defendant "wishes the court to take" within the meaning of this Rule. *See id.* at 173-74. It further explained that, having done so, the defendant is not then required to state his disagreement with the sentence actually imposed, as

such an action would amount to an "exception" requirement, which the rulemakers eliminated.  *See id.* at 174 ("The rulemakers, in promulgating Rule 51, intended to dispense with the need for formal 'exceptions' to a trial court's rulings.").

The majority in *Flores-Mejia* adopted the exact counter-textual reading of Rule 51 the Supreme Court rejected in *Holguin-Hernandez*.  The majority reasoned that, "[a]t the time that sentence is imposed," a defendant who lodges an "objection" gives the sentencing court the opportunity to rectify the error.  *Flores-Mejia*, 759 F.3d at 256.  The Court did not square its holding with the text of Rule 51 but rather based its decision on policy reasons—*i.e.*, that a defendant is generally only able to object to procedural irregularities at sentencing, and that requiring a defendant to lodge such an "objection" would promote judicial efficiency.  *See id.* at 256-57.  But that rationale impermissibly contravened the Rule's plain text, as Judge Greenaway aptly observed in dissent.  *See id.* at 262 (Greenaway, J., dissenting) ("What the majority calls an 'objection' is in reality an 'exception,' which Rule 51(a) expressly declared as 'unnecessary.'").

To support his dissenting opinion, Judge Greenaway cited Judge Easterbrook's opinion in *United States v. Bartlett*, 567 F.3d 901 (7th Cir. 2009).  *See Flores-Mejia*, 759 F.3d at 262 (Greenaway, J., dissenting).  In *Bartlett*, the Seventh Circuit held that Rule 51 did not require a defendant to object to the substantive reasonableness of a sentence because the rule's plain language does not "require a

5

litigant to complain about a judicial choice after it has been made." *Id.* at 910. The court further explained that a complaint lodged after a ruling is "properly called, not an objection, but an exception," which Rule 51(a) expressly stated was "'unnecessary.'" *Id.* (quoting Fed. R. Crim. P. 51(a)). The Seventh Circuit then followed that logic to its inexorable conclusion—*i.e.*, that challenges to both the substantive and procedural reasonableness of a sentence do not require "objections" to be lodged after a sentence is pronounced when a litigant lacked prior notice of the complained-of error:

> Federal Rule of Criminal Procedure 51 guides preservation of error. Rule 51(a) states in no uncertain terms: "[e]xceptions to rulings or orders of the court are unnecessary" to preserve a basis for appeal. Fed. R. Crim. P. 51(a). An exception is a complaint about a judicial choice, such as a ruling or an order, after it has been made. *United States v. Bartlett*, 567 F.3d 901, 910 (7th Cir. 2009). A district court's explanation of its sentencing decision, regardless of whether it precedes or follows the announcement of the sentence itself, is a ruling to which an exception is not required.

*Wood*, 31 F.4th at 597. The Seventh Circuit further reasoned that, when a district court creates an error through the "ruling itself," the defendant "is taken by surprise and lacks the notice or opportunity to advance a pre-ruling position"; and while the defendant "may elect to express his concern with the district court's action—indeed, allowing the district court the chance to correct any error before an appeal may be the most sensible response—the rules do not obligate him to do so." *Id.* at 598; *see*

6

*also United States v. Martin*, 122 F.4th 286, 289 (7th Cir. 2024) ("When the error is created by the district court's ruling itself, . . . a defendant is not required to contemporaneously object to the error to preserve it for *de novo* review." (cleaned up)).

Here, Schwartz submitted a detailed sentencing memorandum in which he laid out the standards that governed the district court's sentencing determinations, (Appx223-225), and summarized the factual record upon which the court's determination could properly be based, (Appx217-223).  In doing so, Schwartz properly advised the district court of the course it should take—that is, that it should root its sentencing determinations in the record summarized in his statement of facts and engage in "'a true, considered exercise of discretion, including a recognition of, and response to, the parties' non-frivolous arguments.'"  (Appx225 (quoting *United States v. Handerhan*, 739 F.3d 114, 120 (3d Cir. 2014)); (cleaned up).)  The district court's failure to address the parties' non-frivolous arguments and its findings against Schwartz that were unsupported by the record were errors "created by the district court's ruling itself."  *Martin*, 122 F.4th at 289 (cleaned up).

The Government concludes by arguing that this Court should adhere to the rationale in *Flores-Mejia*, 759 F.3d 253, because, in the Government's estimation, it "makes sense."  (Appellee Br. at 17.)  But whether *Flores-Mejia*'s preservation ruling makes for better policy than the procedure prescribed by Rule 51's drafters—

and for the reasons articulated by the Seventh Circuit, it does not[1]—is not a consideration that can trump the plain and unambiguous language of that provision. *See United States v. John Doe, Inc. I*, 481 U.S. 102, 109 (1987) (explaining that a court must follow the plain language of the Rules of Criminal Procedure when that language is susceptible to only one plausible interpretation); *Holguin-Hernandez*, 589 U.S. at 173-74 (following Fed. R. Crim. P. 51(b)'s plain language).

As the district court's ruling created the procedural errors Schwartz raised on appeal, they are preserved. Moreover, the district court's errors were so clear that they require vacating the district court's sentence under either plain-error or abuse-of-discretion review.

### B. Schwartz's Sentence Was Procedurally Unreasonable Because The Court Failed To Consider Counsel's Arguments For A Variance.

In his opening brief, Schwartz demonstrated that the district court erred by failing to meaningfully consider the reasons for a variance both parties advanced. (Appellant's Br. at 25-26.)

The Government responds by arguing that a "*fair*" reading of the Court's opinion indicates that it considered and rejected the parties' arguments. (Appellee's

---

[1] As the Seventh Circuit explained in *Wood*, 31 F.4th 593, a rule that would require litigants to take exception to errors "created by the district court's ruling itself" would place them in the untenable position of having to "interrupt a judge mid-explanation," with the risk of "inviting the ire of the court or being held in contempt." *Id.* at 598.

Br. at 17 (emphasis in original).)  But to support its reading, the Government cites nothing beyond the district court's bald assertion that it "read the parties' submissions," "listened to counsel's arguments," and "considered the § 3553(a) factors."  (*Id.* (citing Appx4-35).)

That is insufficient.  The sentencing court "'must acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis.'"  *United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012) (quoting *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007)).  This means that a "rote statement that the court has considered each of the § 3553(a) factors [—precisely what the Court provided here—] is not a sufficient response to a specific colorable argument."  *Begin*, 696 F.3d at 411.  Stated simply, when a district court fails to address a colorable argument emphasized by a defendant, it is "'simply a bridge too far for [an appellate court] to say the district court meaningfully considered, let alone adequately explained,' the defendant's mitigation argument."  *United States v. Flores-Nater*, 144 F.4th 56, 64 (1st Cir. 2025) (quoting *United States v. Colon-Cordero*, 91 F.4th 41, 56 (1st Cir. 2024)).[2]  That the Government asks this Court to

<hr>

[2] *See also Colon-Cordero*, 91 F.4th at 56 ("[T]he court did not say enough from which we could fairly infer how it felt about [defendant's] dominant mitigation argument."); *United States v. Tyler*, 139 F.4th 598, 602 (7th Cir. 2025) ("[O]ur precedents are designed to ensure that courts meaningfully address the key arguments influencing sentencing decisions.  This safeguard rests on the principle

"divine or extrapolate" the district court's reasoning after the fact only confirms that the district "has not done its job of imposing a procedurally reasonable sentence." *United States v. Byrd*, 843 F. App'x 751, 756 (6th Cir. 2021).

The Government further argues that the district court was not required to say anything further given that it imposed a sentence below the recommended sentencing range. (Appellee Br. at 17.) But there is no special dispensation for a below-Guidelines sentence. Indeed, the decision the Government cites to support this argument did not even address a below-Guidelines sentence. *See Rita v. United States*, 551 U.S. 338, 345 (2007) (noting that the district court imposed a sentence "'at the bottom of the Guidelines range'"). *Rita* in fact undermines the Government's argument because it explains that a court must create a record that "makes clear that the sentencing judge considered the evidence and arguments." *Id.* at 359.

The Government also tries to compensate for the district court's failure to address the parties' arguments at sentencing by citing its decision denying bail pending appeal. (Appellee's Br. at 18.) As an initial matter, it is the court's obligation to consider such arguments at sentencing, as part of its analysis of the statutory sentencing factors, not "after the fact." *United States v. Blue*, 877 F.3d

---

that a judge who fails to mention a ground of recognized legal merit (provided it has a factual basis) is likely to have committed an error or oversight." (cleaned up)).

513, 519 (4th Cir. 2017) (cleaned up).  Moreover, as the Government acknowledges, the district court's attempt to justify its sentencing decision relied on the "sentencing transcript."  (*See* District Court ECF No. 64, at 6; Appellee's Br. at 18.)  But as shown above, that transcript only shows that the district court failed to consider, much less address, the parties' arguments for a variance.

The court's failure to acknowledge or address the arguments of counsel at sentencing was a clear abuse of discretion, requiring reversal.

## C.     Schwartz's Sentence Was Procedurally Unreasonable Because The Court Enhanced It Based On Speculation And Unsupported Inferences.

Schwartz further demonstrated that the district court committed procedural error by making adverse findings against him that were unsupported by the record. (Appellant's Br. at 27-30.)

The Government concedes that a district court cannot base a sentence on "erroneous facts" or "mere speculation."  (Appellee's Br. at 18-19 (cleaned up).) Neither does it dispute that the court lacked a factual basis to make adverse findings about Schwartz's businesses or personal finances.  Instead, it asserts that the district court's statements amounted to inconsequential "asides" or "musings."  (*Id.* at 18, 20.)  Nonsense.  The district court did not simply wonder aloud about these matters. It fixated on Schwartz's finances and business structure, referring to these issues multiple times at sentencing:

11

- "And I think the other aspect of it, and it's set out in the presentence report as well, just the number of layers and businesses and LLCs that were created. Those weren't created just by happenstance. They were created, from my perspective, for a very specific reason." (Appx28(28:18-22).)

- "Even as we sit here today, even though the presentence report essentially outlines almost $58 million in assets, not a single asset is in your name. Not one." (Appx28(28:23-25).)

- "Nothing is in your name. You have nothing, which has been repeated over and over and over." (Appx31(31:6-7).)

- "[T]here is certainly a need for deterrence for others to understand that given the, as I said, sort of the grand failure of these businesses, and even now just these just numerous businesses and layers of businesses, which one could assume is to avoid responsibility." (Appx34(34:8-12).)

The court then went further, stating that the manner in which Schwartz's business and personal finances were structured "len[t] itself to concluding" that there was an "intentional" aspect to his conduct. (Appx28-29(28:18-29:6).) The Court further implied that its overall assessment of Schwartz's financial and business structures revealed that his conduct was "brazen." (Appx29(29:9-13).) The Government contends that the Court's observations in that regard were mere musings. To the contrary, they formed the basis of the Court's decision to reject the parties' recommendation and dramatically increase his sentence. For these are precisely the types of findings courts routinely make to justify sentences higher than they would otherwise impose. *See, e.g.*, *United States v. Kennedy*, No. 24-10556,

2025 U.S. App. LEXIS 6551, at *2 (5th Cir. Mar. 20, 2025) (citing the defendant's "brazen" convictions as a "relevant sentencing factor[]" that supported the district court's sentence); *United States v. Lewis*, No. 22-1742, 2024 U.S. App. LEXIS 9912, at *3-4 (2d Cir. Apr. 24, 2024) (holding that the district court properly considered the "brazen nature of [the defendant's] offense" and the defendant's refusal to accept responsibility); *United States v. Hogue*, 66 F.4th 756, 766 (8th Cir. 2023) (upholding sentence as substantively reasonable when it was based on, among other things, the court's characterization of the defendant's "offense conduct as 'brazen'" and its observation that defendant had displayed an "'active interest in avoiding the law'").

Nor is the Government able to explain why the court would make comments about Schwartz's business dealings unless it intended to use them to enhance his sentence. Indeed, the Government characterizes the court's statements as "comments about what the PSR disclosed." (Appellee's Br. at 18.) But there would have been no reason for the Court to comment on that aspect of the PSR—much less do so as extensively as described above—if those comments did not impact its sentencing decision. Moreover, nothing in the PSR supported any adverse finding about Schwartz's business and finances. To the contrary, the PSR made clear that Schwartz used the funds the district court implied had disappeared—that is, the $22 million he received from selling his insurance business—to purchase the nursing homes at issue in the complaint. (PSR ¶¶ 17-18.)

13

This record distinguishes this case entirely from the cases cited by the Government on pages 19-20 of its brief. In *United States v. Mees*, 640 F.3d 849 (8th Cir. 2011), the record justified the district court's finding that the defendant acted with a "'calculated'" state of mind to carry out a "'cold-hearted scheme to defraud people.'" *Id.* at 857. *United States v. Duronio*, No. 06-5116, 2009 U.S. App. LEXIS 2467 (3d Cir. Feb. 9, 2009), presented a similar situation, where the court found nothing "improper or erroneous" about the district court's statements describing defendant's criminal scheme when those observations were "consistent with the guilty verdict." *Id.* at *8.

Even further afield are *United States v. West*, 628 F.3d 425 (7th Cir. 2010), and *United States v. Traxler*, 477 F.3d 1243 (10th Cir. 2007). In *West*, the defendant did not argue, as Schwartz does here, that the facts cited by the district court (in that case, the defendant's socioeconomic status) lacked record support. Rather, the court rejected the defendant's argument that his socioeconomic status was irrelevant to the court's sentencing determination. *See id.* at 431-32. In *Traxler*, 477 F.3d 1243, the district court referred to the Epistles of Paul to illustrate "that something good can come from difficult circumstances, even jail," not that the defendant "needed a longer sentence to pay religious penance." *Id.* at 1249. Here, by contrast, the only logical purpose for the court's findings about Schwartz's business and personal affairs was to emphasize the intentionality and brazenness of his conduct and

enhance his sentence accordingly.

The Government also cites *United States v. Orozco-Vasquez*, 469 F.3d 1101 (7th Cir. 2006), but its reliance on that case is improper and self-defeating. In *Orozco-Vasquez*, the district court's observations that the defendant had been caught in the act of destroying cocaine evidence were firmly rooted in the record and any findings that strayed beyond it were harmless "in the context of the overwhelming evidence in th[at] case." *Id.* at 1108. The Government also highlights the statement in *Orozco-Vasquez* that "[e]xplicit findings on the facts that influence the decision to sentence outside the guidelines range are not required unless a particular fact is contested and central to the district judge's choice of sentence." *Id.* at 1107.

But Schwartz did not have an opportunity to "contest[]" the district court's adverse findings because they were not based on arguments advanced by the Probation Department in the PSR or the Government in its sentencing submission. As this Court recently emphasized, defendants have a "due process right not to be sentenced on the basis of invalid premises or inaccurate information," which includes the right to not be "surprised by information they have not had an opportunity to contest." *United States v. Harmon*, ___ F.4th ___, 2025 U.S. App. LEXIS 20655, at *8-11 (3d Cir. Aug. 14, 2025) (cleaned up). The Government's apparent argument to the contrary—that the district court's unanticipated statements about Schwartz's business and personal finances were not factual findings because

15

these issues were not the subject of adversarial briefing—is circular and violates these fundamental due-process principles.

Undeterred, the Government goes on to contend that this Court's decision is *United States v. Moro*, 505 F. App'x 113 (3d Cir. 2012), is "particularly instructive." (Appellee's Br. at 20.)  But *Moro*'s disposition of the defendant's sentencing challenge consisted of a single sentence: "It is clear from the record that the District Court did not treat Moro's military service as an aggravating factor at sentencing." *Id.* at 116-17.  The Government's attempt to read more into that decision is not based on anything this Court said, but on the Government's own brief in that appeal.  (*See* Appellee's Br. at 20 (citing the Government's appellate brief).)  *Moro* is therefore not instructive of anything other than the lack of support for the Government's position.

### D.    The District Court's Procedural Errors Warrant Reversal.

As a fallback, the Government argues that the procedural errors Schwartz identified are harmless under plain-error review.  (Appellee's Br. at 20-21.)  Even assuming that standard applies (and for the reasons set forth above, it does not), the Government is wrong.

The Government initially claims that Schwartz made "*no effort*" to show that he was prejudiced by the errors he identified.  (Appellee Br. at 21 (emphasis in original).)  Not so.  Schwartz specifically cited caselaw making clear that a district

court's failure to address a defendant's non-frivolous arguments and its reliance on erroneous fact-finding requires vacating the court's sentence. (*See* Appellant's Br. at 24-25, 27-28.) In *United States v. Olhovsky*, 562 F.3d 530 (3d Cir. 2024), for example, this Court vacated a sentence when the sentencing court's procedural errors "necessarily raise[d] questions about the substantive reasonableness" of its sentence, *id.* at 553 (cleaned up), which is precisely the situation here. And in *United States v. Aminov*, 726 F. App'x 906 (3d Cir. 2018), the court explained that an error is inherently prejudicial where, as here, the district court "explicitly relied on it in supporting its sentencing decision." *Id.* at 909. Indeed, by showing that a court improperly relied on inaccurate information, a defendant demonstrates prejudice by definition. *See United States v. Miller*, 900 F.3d 509, 514 (7th Cir. 2018) ("'Once it is established that the court relied on erroneous information ... reviewing courts cannot speculate as to whether the same result would again ensue with the error corrected.'") (quoting *United States ex rel. Welch v. Lane*, 738 F.2d 863, 868 (7th Cir. 1984)).

The Government alternatively argues that, even if the district court committed the procedural errors identified above, it would not matter because it provided a sufficiently "robust" explanation to justify its sentence by citing other Section 3553(a) factors. (Appellee Br. at 21.) But the district court explicitly cited adverse findings regarding Schwartz's business structure and personal finances

when imposing its sentence.  That error thus infected its determination regardless of whether it also cited proper considerations.  And the Government does not argue that the reasons advanced by the parties for a variance were frivolous or lacked record support; they therefore justified a lower sentence.  These procedural errors—which are inherently prejudicial for the reasons set forth above—thus differed markedly from the insignificant or non-existent ones in the cases the Government cites on page 21 of its brief.  *See United States v. Grober*, 624 F.3d 592, 609 (3d Cir. 2010) (finding the procedural errors at issue not "significant enough to warrant remand"); *United States v. Flores-Juarez*, 723 F. App'x 84, 89 (3d Cir. 2018) (finding that the district court's alleged failure to discuss the availability of rehabilitative services "meritless" and that any such error did not have a "reasonable probability of a different result had the District Court expressly recognized [the defendant's] limited access to rehabilitation").

The Government's argument suffers from an additional flaw: an appellate court cannot simply assume the reasonableness of a sentence based on what permissible considerations the sentencing court "may have had in mind."  *Ausburn*, 502 F.3d at 331 (explaining that an appellate court cannot "fill in the gaps by searching the record for factors justifying the sentence.").  This only makes sense, for "in order to provide for effective appellate review, the sentencing court must provide a record sufficient to allow a reviewing court to conclude that the sentencing

court exercised its discretion." *Id.* at 328. Here, the district court failed to create such a record.

Under these circumstances, the district court's sentence must be vacated and the case remanded for resentencing.

### E. Schwartz's Sentence Was Substantively Unreasonable Based On The Reasons The District Court Provided.

In his opening brief, Schwartz additionally demonstrated that the procedural errors he identified led the court to impose a sentence that was substantively unreasonable. (Appellant's Br. at 30-31.)

In response, the Government argues that the district court's sentence was substantively reasonable because it fell within the discretion afforded it to consider the applicable sentencing factors and because the court was not bound by the parties' stipulated sentencing range. (Appellee's Br. at 22-24.) These arguments are beside the point. Schwartz did not attack the substantive reasonableness of his sentence by challenging how the district court weighed permissible findings or because it varied from the parties' stipulated sentence. Rather, he argued that his sentence fell squarely within the line of cases holding that certain procedural errors "'will necessarily raise questions about the substantive reasonableness of a sentence.'" *Olhovsky*, 562 F.3d at 553 (quoting *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008)); *accord United States v. Jackson*, 862 F.3d 365, 394 (3d Cir. 2017). This

occurs where, as here, a district court failed to give adequate consideration to a defendant's non-frivolous arguments and based its determinations on factual errors. *See Olhovsky*, 562 F.3d at 553 (finding the district court's sentence substantively unreasonable when there "was clearly nothing frivolous about defense counsel's" unaddressed arguments and the court committed a "factual" error in sentencing); *see also Jackson*, 862 F.3d at 394 (concluding that the district court's procedural errors necessarily meant that its sentence was substantively unreasonable where it "clearly did not provide the requisite explanation" to justify its sentence). "After all, if one cannot justify a result by the reasons given, that result is, by definition, not a substantively reasonable conclusion to the logical steps provided." *Levinson*, 543 F.3d at 195.

The Government contests none of this. Thus, because the district court committed the procedural errors identified above, its resulting sentence was also substantively unreasonable.

## II. THE COURT COMMITTED PLAIN ERROR BY FAILING TO FOLLOW THE REQUIREMENTS OF FED. R. CRIM. P. 11(c)(5).

In his opening brief, Schwartz further demonstrated that the Court committed plain error by rejecting the parties' initial plea agreement via text order, in contravention of Fed. R. Crim. P. 11(c)(5). (Appellant's Br. at 32-37.) The

Government agrees that the district court committed plain error[3] by rejecting the parties' initial plea agreement in this way, but asks this Court to excuse it. (Appellee's Br. at 32.)

The Government does so based on two related arguments. First, the Government argues that Rule 11(c)(5) requires only that the court advise the defendant in open court that it has rejected the parties' plea agreement and does not require it to provide the reasons for its rejection. (Appellee's Br. at 33-36.) Based on that premise, the Government argues that Schwartz cannot show any prejudice from the Court's error because he received the minimal information prescribed by the rule and decided to plead guilty a second time. (*Id.* at 25-29.)

The Court should reject both arguments because the Government's initial premise is wrong. Schwartz cited decisions of the Sixth and Ninth Circuits making clear that when a court rejects a plea agreement it must articulate its reasons for doing so. (*See* Appellant's Br. at 33 (citing *In re United States*, 32 F.4th 584, 594

---

[3] The Government inconsistently claims that, while the district court plainly erred in rejecting the initial plea agreement by text order, its error in failing to explain its decision was not sufficiently plain to justify vacatur. (Appellee's Br. at 35.) According to the Government, this error could not be plain because "no Supreme Court or Third Circuit opinion" addressed that issue. (*Id.*) But an error is plain when it violates a "consensus among the Circuits." *United States v. Scott*, 14 F.4th 190, 199 (3d Cir. 2021); *accord United States v. Nelson*, 37 F.4th 962, 968 (4th Cir. 2022). That is the case here, as the only Circuit Courts to consider the issue have held that a district court must provide its reasons when it rejects a plea agreement. (*See* Appellant's Br. at 33.)

(6th Cir. 2022); *United States v. Cota-Luna*, 891 F.3d 639, 647 (6th Cir. 2018); and *Morgan v. United States Dist. Court (In re Morgan)*, 506 F.3d 705, 711-12 (9th Cir. 2007).); *see also United States v. Meza*, 319 F. App'x 695, 696 (9th Cir. 2009) (referring to the procedural requirement of Rule 11(c)(5) that the sentencing court provide individualized reasons for rejecting a plea agreement).

The Government does not contest the holdings in these decisions but suggests that they do not govern here because their rationale is that district courts must properly exercise their discretion when rejecting plea deals. (Appellee's Br. at 34.) But that logic makes Schwartz's point. How can an appellate court determine whether the district court properly rejected a plea agreement without understanding its reasons for doing so? *See In re United States*, 32 F.4th at 594 ("[I]f the court decides to reject a plea agreement, it must explain why."). A district court violates this principle where, as here, it fails to provide "any case-specific reason why" it rejected a plea agreement. *Id.* at 595.

Recognizing this, the Government implies that only a judge's application of "personal policy" preferences could render its decision to reject a plea agreement improper. (Appellee's Br. at 34.) Not so. A district court abuses its discretion in rejecting a plea agreement whenever it acts "arbitrarily" or "invidiously," *In re United States*, 32 F.4th at 594, which includes instances when it relies on an improper finding of fact or irrelevant consideration. *See United States v. Jimenez-*

*Hernandez*, No. 24-5060, 2024 U.S. App. LEXIS 32910, at *7 (10th Cir. Dec. 31, 2024) ("With respect to factual errors, a district court's reliance 'on an improper and irrelevant factor' to reject a plea agreement 'provides a strong indication that the district court abused its discretion.'" (quoting *United States v. Vanderwerff*, 788 F.3d 1266, 1271 (10th Cir. 2015)).

Thus, it does not matter that the district court later clarified that it had "no policy of rejecting all type-C plea agreements." (Appellee's Br. at 34.) The most the district court said after rejecting the plea agreement but before rendering its sentence[4] was that it did not find the stipulated sentence or sentencing range to be "appropriate." (Appx156(7:3-7); *see also* Appellee's Br. at 34 (relying on this same passage).) That hardly constitutes an explanation that would enable this Court to determine whether the district court acted within its discretion. Indeed, as shown above, the district court likely did not find that stipulated sentence appropriate because of improper and unsupported factual findings about Schwartz's business structure and personal finances—precisely the type of "factual errors" that would

---

[4] The Government also cites the district court's statement at sentencing that it rejected the second plea agreement's stipulated sentencing range because it did not believe that range, like the stipulated sentence in the first plea agreement, "'fairly and accurately reflect[ed] the seriousness of what occurred here.'" (Appellee's Br. at 34 (quoting Appx25).) But that statement, of course, came at sentencing, too late to enable Schwartz to address it. And even if he could, that statement was improperly impacted by the court's erroneous fact-findings regarding Schwartz's business and personal affairs.

"strong[ly] indicat[e] that the district court abused its discretion." *Jimenez-Hernandez*, 2024 U.S. App. LEXIS 32910, at *7 (cleaned up).

Because the district court was required to provide its reasons for rejecting the parties' plea agreement, its failure to do so prejudiced Schwartz. That failure prevented Schwartz from addressing and correcting the district court's erroneous and unsupported impression that he acted improperly in structuring his business and personal finances. Just as Schwartz would have been able to address those concerns at sentencing had the court given him the opportunity to do so, he would have been able to address them when negotiating the plea agreement with the Government— for example, by including additional stipulations that addressed that issue. (*See* Appx148-49 (listing the parties' stipulated facts).) Schwartz also would have augmented his exhaustive sentencing memorandum, (*see* Appx208-389), to explain how his businesses operated and his personal affairs were organized to dispel any notion that he acted improperly—a conclusion the judge drew even though the Government and the Probation Office did not.

Finally, the Government cannot avoid the consequences of these errors by arguing that Schwartz could have asked the district court to further clarify its reasons for rejecting the parties' initial plea agreement or moved for reconsideration. (Appellee's Br. at 27-31.) It was the district court's obligation to "explain why" it rejected the parties' plea agreement, *In re United States*, 32 F.4th at 594, not

Schwartz's duty to tease out its reasons for doing so.  Nor did Schwartz engage in "sandbagging," "strategic inaction," or "gamesmanship," as the Government unfairly contends.  (Appellee's Br. at 13, 29.)  The district court never disclosed its unfounded concerns about Schwartz's business and personal dealings until sentencing.  By then it was too late.  This Court should therefore emphatically reject the Government's assertion that Schwartz should be penalized for having been "surprised by information [he had no] opportunity to contest." *Harmon*, ___ F.4th ___, 2025 U.S. App. LEXIS 20655, at *10-11.

## CONCLUSION

For the foregoing reasons, this Court should reverse Schwartz's sentence and remand the case for resentencing.

Dated:  September 19, 2025          Respectfully submitted,
Chatham, New Jersey

MARINO, TORTORELLA & BOYLE, P.C.


By: /s Kevin H. Marino
    Kevin H. Marino
    437 Southern Boulevard
    Chatham, New Jersey 07928-1488
    (973) 824-9300
    *Attorneys for Appellant Joseph Schwartz*

**CERTIFICATION OF ADMISSION TO THE BAR OF THE
UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

I, Kevin H. Marino, certify as follows:

1. I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

2. Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

/s Kevin H. Marino
Kevin H. Marino

Dated:  September 19, 2025

## CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(a) AND LOCAL RULE 31.1

Pursuant to Fed. R. App. P. 32(g), I certify the following:

This brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because this brief contains 5,968 words, excluding the parts of the brief exempted by Rule 32(f) of the Federal Rules of Appellate Procedure.

This brief complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure because this brief has been prepared in a proportionally spaced typeface using the Office 16 version of Microsoft Word and 14-point Times New Roman font.

This brief complies with Third Circuit Local Rule 31.1(c) because the text of this electronic brief is identical to the text in the paper copies, and a virus-detection program (SentinelOne) has been run on the file containing the electronic version of this brief and no viruses have been detected.

/s Kevin H. Marino
Kevin H. Marino

Dated: September 19, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2025, I caused the foregoing brief to be filed with the Clerk of the Court of the United States Court of Appeals for the Third Circuit by using the Court's CM/ECF system. I further certify that service was accomplished on all parties via the Court's CM/ECF system.

/s Kevin H. Marino
Kevin H. Marino

Dated: September 19, 2025